IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W.P. ASSETS, LLC<br><br>Plaintiff,<br><br>v.<br><br>FLOOR AND DECOR OUTLETS OF AMERICA INC.,<br><br>Defendant. | Civil Action No.: _____ |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION**

Plaintiff W.P. Assets, LLC ("WP" or "Plaintiff"), by and through counsel, file this Complaint against Defendant Floor And Decor Outlets Of America Inc. ("Defendant") respectfully alleging as follows:

**NATURE OF THE ACTION**

1. This is an action for trademark infringement and unfair competition under federal and Pennsylvania law brought by WP, the senior user and owner of the federally registered BROOKHAVEN trademark, against Defendant, who has and continues to infringe WP's registered trademark.

**THE PARTIES**

2. Plaintiff W.P. Assets, LLC is a limited liability company, organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business in the Commonwealth of Pennsylvania at 364 Fir Avenue Middleburg, Pennsylvania 17842.

1

3. Upon information and belief, Defendant Floor and Decor Outlets of America Inc. is a corporation, organized and existing under the laws of the State of Delaware, with a principal place of business in the State of Georgia at 2500 Windy Ridge Parkway SE, Atlanta, Georgia 30339.

4. Upon information and belief, Defendant Floor and Decor Outlets of America Inc. is a multi-channel specialty retailer and commercial distributor of hard surface flooring, fixtures, and decoratives with retail store locations and design studios across the United States, including at least four locations in eastern Pennsylvania.

## JURISDICTION AND VENUE

5. This civil action arises under the Trademark Act of 1946 ("Lanham Act"), 15 U.S.C. §§ 1051, *et seq*.

6. This Court has jurisdiction over the subject matter of this action pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. §§ 1116 and 1121 because this action arises under the federal trademark and unfair competition laws of the United States.

7. This Court has supplemental jurisdiction over the pendant state law claim because it involves operative facts common to Plaintiff's federal claims such that they form part of the same case or controversy under Article III of the U.S. Constitution, pursuant to 28 U.S.C. § 1367. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 25 U.S.C. § 1338(b) insofar as the claims are joined with a substantial and related federal claim arising under the trademark laws of the United States.

8. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant conducts business in Pennsylvania by marketing and selling cabinets that infringe Plaintiff's Trademark in its Pennsylvania retail store locations and to Pennsylvania

consumers and and/or because Defendant has caused tortious injury to WP in this judicial District.

9. Venue is proper in this judicial District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this judicial District and the Defendant's infringement and resulting consumer confusion occurs in this District.

## FACTS

10. Plaintiff WP owns all relevant assets with respect to Wood-Mode, LLC, the nation's largest manufacturer of custom cabinetry for kitchens, baths, and home. The sole member of both WP and Wood-Mode, LLC is William D. French, who exercises control of both WP and Wood-Mode, LLC. By virtue of said ownership and common control, WP and Wood-Mode LLC are related companies within the meaning of Section 5 of the Lanham Act, 15 U.S.C. § 1127. Consequently, all use of the mark BROOKHAVEN by Wood-Mode, LLC inures to the benefit of WP as a matter of law.

### Plaintiff's Trademark Registration No. 1524521

11. WP is the lawful owner of U.S. Registration No. 1524521 (the "Registration") for the mark BROOKHAVEN (the "Trademark") for "FURNITURE CABINETS, BATHROOM CABINETS AND KITCHEN CABINETS" in International Class 020.

12. The BROOKHAVEN Registration was assigned to WP from Wood-Mode, Inc. as part of an Asset Purchase Agreement via an Intellectual Property Assignment Agreement dated August 7, 2019. The assignment was duly recorded with the USPTO on July 1, 2024. A true and correct copy of the Trademark Search & Document Retrieval ("TSDR") status records for the Registration showing the chain of ownership is attached hereto as Exhibit A.

13. The Registration for the BROOKHAVEN mark was registered by the United States Patent and Trademark Office ("USPTO") on February 14, 1989, and is valid and enforceable. A true and correct copy of U.S. Certificate of Registration No. 1524521 is attached hereto as Exhibit B.

14. A Combined Declaration of Use and Incontestability was filed in connection with the Registration on June 15, 1994.

15. The USPTO acknowledged and accepted the Combined Declaration of Use and Incontestability on January 11, 1995. *See* Exhibit A.

16. WP and its predecessors in interest have expended significant time, effort, resources, and funds to develop and market the BROOKHAVEN mark, in building goodwill in the BROOKHAVEN mark, and building brand awareness for the BROOKHAVEN mark. As a result, the BROOKHAVEN mark has acquired significant meaning and goodwill in the furniture and cabinet industries and among the general purchasing public.

17. WP and its predecessors in interest have maintained continuous and substantially exclusive use in commerce of its BROOKHAVEN mark throughout the United States, including in Pennsylvania and other states, in connection with cabinetry, namely, furniture, bathroom, and kitchen cabinets.

18. The BROOKHAVEN mark is widely advertised and displayed in connection with cabinets, including for example, at the retail store locations and/or showrooms of Wood-Mode's various authorized dealers nationwide and on numerous advertising and marketing materials.

19. For decades, the relevant public has come to know, rely upon, and recognize the BROOKHAVEN mark as a strong and distinctive indicator of the source and quality of Wood-Mode's cabinets.

20.     The goodwill in the BROOKHAVEN mark inures, ultimately, to the benefit of WP.

21.     For the above reasons and others, WP, together with its predecessors in interest, has established highly valuable goodwill in its BROOKHAVEN mark, which has achieved an extraordinary level of consumer recognition and commercial strength.

Defendant's Unlawful Actions

22.     Upon information and belief, Defendant is a multi-channel specialty retailer of hard surface flooring, decoratives, and fixtures, including cabinets, with retail store locations throughout the United States, including at least four stores in eastern Pennsylvania.

23.     Upon information and belief, Defendant owns and operates the website at the URL www.floorandecor.com.

24.     Upon information and belief, Defendant is advertising, selling, and offering for sale cabinets and cabinet tools under the BROOKHAVEN mark, including via its website, as shown by the following representative screenshots from Defendant's website at URLs https://www.flooranddecor.com/semi-custom-kitchen-cabinets/brookhaven-36-in.-painted-warm-white-door-wall-cabinet-101246858.html?srsltid=AfmBOoq8KO5kCGOI00zsW2bQYyd8mDDqdLV_VdfOqswd6lEk5Kw2HJ_jS0A&gQT=1 and https://www.flooranddecor.com/cabinet-accessories/brookhaven-warm-white-cabinet-touch-up-kit-101302958.html?srsltid=AfmBOoonEk5kkHFvfKY5c8i-5U0vSilYoqGWeFOf7N2LmJY0giPUdMc6, respectively, excerpts of which are reproduced here:

5





True and correct copies of screenshots from Defendant's website showing infringing use of the BROOKHAVEN mark, including from the aforementioned URLs, are attached hereto as Exhibit C.

25. Defendant is selling cabinets and cabinet-related tools under the BROOKHAVEN mark on Defendant's website, which advertises that the goods will be shipped and should arrive in 7-10 days. *See* Exhibit C.

26. The BROOKHAVEN mark that Defendant uses is identical to the BROOKHAVEN mark of the Registration.

27. WP has priority of use in the BROOKHAVEN mark.

28. The Registration states that the mark was first used in U.S. commerce at least as early as April 26, 1988.

29. Upon information and belief, Defendant was not founded until 2000.

30. Defendant's founding is more than 10 years after WP's predecessors in interest registered and began using the BROOKHAVEN mark in U.S. commerce in connection with furniture cabinets, kitchen cabinets, and bathroom cabinets.

31. Upon information and belief, by virtue of registration with the USPTO, Defendant was on constructive and/or actual notice of WP's prior rights in the BROOKHAVEN mark before it began using an identical mark for identical goods.

32. There has never been any relationship between WP and Defendant, and neither WP nor its predecessors in interest have ever authorized or consented to Defendant's use of its BROOKHAVEN mark.

33. As between WP's BROOKHAVEN mark and Defendant's use of the same mark for identical goods, confusion is unavoidable.

## CAUSES OF ACTION

### COUNT I
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114

34. WP re-alleges and incorporates by reference ¶¶ 1 through 33 above as if set forth fully herein.

35. WP owns a valid, enforceable, and incontestable federal trademark registration for the mark BROOKHAVEN for "FURNITURE CABINETS, BATHROOM CABINETS AND KITCHEN CABINETS."

36. U.S. Trademark Reg. No. 1524521 for the mark BROOKHAVEN entitles WP to a presumption of ownership, validity, and exclusive rights to use the mark in connection with the goods named in the Registration.

37. Defendant has adopted, used, and is currently using in commerce the identical BROOKHAVEN mark in connection with cabinets and cabinet tools.

38. Defendant does not have a license or permission from WP to use the BROOKHAVEN mark.

39. Defendant's unauthorized use of the identical BROOKHAVEN mark in commerce in connection with cabinets is likely to cause confusion, or to cause mistake, or to deceive the public regarding the source and ownership of the goods.

40. Defendant's actions herein complained of constitute trademark infringement within the meaning of 15 U.S.C. § 1114.

41. Defendant has caused irreparable damage to WP by its acts of infringement described above and, upon information and belief, will continue its acts of infringement and causation of harm unless enjoined by this Court.

42. Upon information and belief, Defendant's actions have been willful and in bad faith, making this an exceptional case under 15 U.S.C. § 1117.

WHEREFORE, WP prays for judgment against Defendant on Count I of this Complaint, including injunctive relief prohibiting Defendant from continuing to use the BROOKHAVEN mark, money damages, statutory damages, and any and all such other relief as the Court deems just and proper, and further demands a trial by jury of all issues so triable.

## COUNT II
## <u>UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN</u>
## <u>UNDER 15 U.S.C§ 1125(a)</u>

43. WP re-alleges and incorporates by reference ¶¶ 1 through 42 above as if set forth fully herein.

44. Defendant's promotion and sale of its cabinets bearing the BROOKHAVEN trademark has represented or represents to the industry and consumers that Defendant's products were or are sold by or under the sponsorship of, licensed by, in affiliation with, or with the approval of, WP.

45. Persons, including potential customers, familiar with WP's products under the BROOKHAVEN mark would be likely to believe that Defendant's cabinets bearing, sold, or advertised under the identical BROOKHAVEN trademark were or are manufactured by, sold by, licensed by, or with the sponsorship of or in affiliation with WP.

46. Defendant's promotion and sale of its cabinets and cabinet tools in connection with WP's BROOKHAVEN trademark constitute unfair competition and false designation of origin within the meaning of 15 U.S.C. § 1125(a). Defendant's actions have caused or are likely to cause confusion, mistake, or deception among the trade and public as to the true source of Defendant's goods and as to the sponsorship or approval of Defendant or its goods by WP.

47. As a result of said unfair competition by Defendant, WP has suffered and will continue to suffer irreparable injury to its business and the goodwill represented thereby, for which it has no adequate remedy at law.

48. Upon information and belief, Defendant will continue to engage in the unfair competition complained of herein unless restrained by this Court.

WHEREFORE, WP prays for judgment against Defendant on Count II of the Complaint, including injunctive relief prohibiting Defendant from continuing to use the BROOKHAVEN

mark, money damages, statutory damages, and any and all such other relief as the Court deems just and proper, and further, demand a trial by jury of all issues so triable.

## COUNT III
### COMMON LAW TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

49. WP re-alleges and incorporates by reference ¶¶ 1 through 48 above as if set forth fully herein.

50. WP owns and enjoys common law rights to its BROOKHAVEN mark in Pennsylvania.

51. These rights are superior to any rights Defendant may claim to the BROOKHAVEN mark.

52. Defendant's unauthorized use of Plaintiff's BROOKHAVEN mark in connection with Defendant's cabinets is likely to cause confusion and mistake and to deceive consumers as to the source or origin of the Defendant's products and services.

53. Defendant's use of the BROOKHAVEN mark induces purchasers into believing, contrary to fact, that the goods sold by Defendant are made, sponsored, or otherwise approved by, or connected with WP.

54. The foregoing conduct constitutes infringement of WP's common law trademark rights in violation of the common law of the Commonwealth of Pennsylvania.

55. The foregoing further constitutes unfair competition in violation of the common law of the Commonwealth of Pennsylvania.

56. Upon information and belief, Defendant's conduct is knowing, deliberate, and willful, and Defendant has adopted, used, marked, and promoted its goods in bad faith with an attempt to trade on WP's reputation and goodwill.

57. Defendant's actions have caused and are causing irreparable harm to WP and to its businesses and to the goodwill represented thereby, in an amount that cannot be ascertained at this time. Unless restrained, Defendant's actions will cause further irreparable harm, leaving WP with no adequate remedy at law.

58. By reason of the foregoing, WP is entitled to injunctive relief against Defendant in order to restrain further acts of unfair competition and trademark infringement by Defendant.

WHEREFORE, WP prays for judgment against Defendant on Count III of the Complaint, including injunctive relief prohibiting Defendant from continuing to use the BROOKHAVEN mark, money damages, statutory damages, and any and all such other relief as the Court deems just and proper, and further, demand a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant relief as follows:

a) For Defendant and each of its agents, employees, officers, attorneys, successors, assigns, affiliates, and any persons in privity or active concert or participation with any of them to be preliminarily and permanently enjoined from:

   i) Using Plaintiff's BROOKHAVEN mark and any other confusingly similar designation as a trademark, trade dress, service mark, or otherwise to market, advertise, or identify Defendant or Defendant's goods and services;

   ii) Engaging in any other conduct that will cause, or is likely to cause, confusion, mistake, deception, or public misunderstanding as to the affiliation, connection, association, origin, sponsorship, or approval of Defendant's goods and services with or by Plaintiff;

    iii) Otherwise infringing upon Plaintiff's Trademark or unfairly competing with Plaintiff in any manner whatsoever;

b) For entry of a judgment that:

    i) Defendant's use of Plaintiff's BROOKHAVEN mark constitutes federal trademark infringement under 15 U.S.C. § 1114;

    ii) Defendant's use of Plaintiff's BROOKHAVEN mark constitutes false designation of origin and unfair competition under 15 U.S.C. § 1125(a);

    iii) Defendant's use of Plaintiff's BROOKHAVEN mark constitutes trademark infringement and unfair competition under Pennsylvania common law;

    iv) Defendant's acts of trademark infringement and unfair competition have been and are willful;

c) Pursuant to 15 U.S.C. §1117, requiring that Defendant account and pay to Plaintiff damages in an amount sufficient to fairly compensate it for the injury it has sustained, plus all the profits which are attributable to Defendant's sale of goods under the BROOKHAVEN mark, and further that the amount of the monetary award granted herein be trebled in view of the willful and deliberate nature of Defendant's unlawful conduct;

d) Pursuant to 15 U.S.C. § 1118, requiring that Defendant and all others acting under Defendant's authority, at their cost, be required to deliver up, remove, disable, and/or destroy, as appropriate, all devices, literature, websites, social network pages, advertising, labels, and other material in its possession or under its control that bear the BROOKHAVEN or any other name or mark containing the BROOKHAVEN mark;

e) Finding that, with respect to Defendant's acts of trademark infringement, false designation of origin, and unfair competition, this case is exceptional under 15 U.S.C. § 1117 and awarding Plaintiff its attorneys' fees;

f) Ordering Defendant to account to Plaintiff for, and disgorge to Plaintiff, all profits Defendant has derived as a result of the unlawful acts complained of above;

g) Otherwise entering judgment against Defendant on all counts of this Complaint;

h) Awarding Plaintiff its costs and attorneys' fees in this action plus interest on all monetary damages awarded; and

i) For such other relief as the Court deems just, proper, and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff W.P. Assets, LLC demands trial by jury in this action of all issues so triable.

Respectfully submitted,

CAESAR RIVISE, P.C.

Dated: May 29, 2025

By: _____

Leah N. George (PA Bar ID # 330790)
Douglas Panzer (PA Bar ID # 203354)
1635 Market Street
Seven Penn Center – 12th Floor
Philadelphia, Pennsylvania 19103
Phone: (215) 567- 2010
Fax: (215) 751-1142
Lgeorge@crbcp.com

*Attorneys for Plaintiff W.P. Assets, LLC*

## VERIFICATION

I, __WILLIAM D. FRENCH__, declare as follows:

I am the __MEMBER__ of W.P. Assets, LLC, Plaintiff herein. I have read the foregoing Complaint and know the contents thereof, and the same are true and correct to the best of my knowledge, information, and belief.

Pursuant to the provisions of 28 U.S.C. § 1746, I declare under penalty and perjury that the foregoing is true and correct.

Dated: __MAY 28, 2025__                    By: ___William D French___